1  Craig J. Mariam (SBN: 225280)
   Cynthia Tsai (SBN: 265151)
2  GORDON & REES LLP
   633 W. 5th Street, Ste. 4900
3  Los Angeles, CA 90071
   Telephone:    (213) 576-5000
4  Facsimile:    (877) 306-0043
   Email: cmariam@gordonrees.com
5  Email: ctsai@gordonress.com

6  Attorneys for defendant
   ER SOLUTIONS, INC.

7

8                UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10  CODY MOLICA, an individual;          ) CASE NO.
                                          )
11                   Plaintiff,           ) *Removed from the Superior Court of
                                          ) California, Sonoma County
12       vs.                              ) Case No. MW-212938*
                                          )
13  ER SOLUTIONS, INC.;                   ) **NOTICE OF REMOVAL OF CIVIL
                                          ) ACTION**
14                   Defendant.           ) **[28 U.S.C. §§ 1331, 1441, and 1446]**
                                          )
15 _____ )

16

17  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18       PLEASE TAKE NOTICE THAT defendant ER SOLUTIONS, INC. hereby removes to

19  this Court the state-court action filed by plaintiff CODY MOLICA, as more fully described

20  below.

21                **STATEMENT OF JURISDICTION**

22       This action is a civil action over which this Court has original jurisdiction under 28

23  U.S.C. § 1331 and is one that may be removed to this Court by defendant pursuant to the

24  provisions of 28 U.S.C. §§ 1441(b) and 1446.

25                **FEDERAL QUESTION JURISDICTION**

26       1.   Upon information and belief, this case was initially filed on or about August 19,

27  2010 in the Superior Court of California, Sonoma County, Case No. MW-212938 ("Complaint").

28       2.   This action is a civil action containing federal claims arising under the Fair Debt

                              - 1 -

1   Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Complaint, pp. 2:22-25, 3:1-3.

2        3.     This Court has original jurisdiction under 28 U.S.C. § 1331 over claims arising

3   under the FDCPA because the claims arise under the laws of the United States. *See* 28 U.S.C. §

4   1331. The FDCPA itself provides that "[a]n action to enforce any liability created by this

5   subchapter may be brought in any appropriate United States district court without regard to the

6   amount in controversy, or in any other court of competent jurisdiction, within one year from the

7   date on which the violation occurs." 15 U.S.C. § 1692k(d).

8        4.     This Court also has original jurisdiction because the "complaint establishes either

9   that federal law creates the cause of action or that the plaintiff's right to relief necessarily

10  depends on resolution of a substantial question of federal law." *Franchise Tax Board v.*

11  *Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Grable & Sons Metal*

12  *Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005) [A claim under state law

13  can give rise to federal question jurisdiction if it "appears from the [complaint] that the right to

14  relief depends upon the construction or application of [federal law]."]. The claims put forth in

15  the instant complaint arise under laws of the United States because the claims necessarily depend

16  on the remedies available under 15 U.S.C. § 1692 et seq.

17       5.     Plaintiff invokes the remedies available under 15 U.S.C. § 1692 et seq. throughout

18  the complaint. Plaintiff states that the "law prohibits all debt collection practices that are

19  judicially determined to be 'unfair.' The law also prohibits certain practices that the Legislature

20  has defined as 'unfair.'" Complaint, ¶ 6. Plaintiff proceeds to seek relief in the form of an

21  "injunctive decree ordering the defendants [sic] to reframe [sic] from unlawful debt collection

22  activities and respect the California <u>and Federal</u> laws protecting consumer debtors." Complaint,

23  p.3:1-2 [emphasis added].

24                        **SUPPLEMENTAL JURISDICTION**

25       6.     To the extent any state law claims are alleged, under 28 U.S.C. § 1367(a), this

26  Court also has supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. §

27  1367(a) (The court has "supplemental jurisdiction over all other claims that are so related to

28  claims in the action within such original jurisdiction that they form part of the same case or

1   controversy under Article III of the United States Constitution.").

2   **BASIS FOR REMOVAL**

3       7.    Defendant incorporates by reference paragraphs 1 through 6 of this document as if

4   set forth fully herein.

5       8.    This action may be removed in its entirety pursuant to 28 U.S.C. § 1441(b).

6       9.    On or about October 4, 2010, defendant received by U.S. Mail[1] a copy of the

7   summons and complaint in this matter.  A true and correct copy of the summons and complaint

8   are attached hereto as Exhibit "A" in accordance with 28 U.S.C. § 1446(a), and are incorporated

9   by reference.  Therefore, service was completed at the earliest on October 4, 2010 (*but see* f.n.1).

10       10.    This notice is timely as it has been filed within thirty days of defendant being

11   served with the summons and complaint.  28 U.S.C. § 1446(b).

12       11.    The Superior Court of California, Sonoma County is located within the Northern

13   District of California.  28 U.S.C. § 84(a).  This Notice of Removal is therefore properly filed in

14   this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391.

15       12.    In accordance with 28 U.S.C. § 1446(d) and the Local Rules of this District,

16   defendant is serving plaintiff with a Notice to Plaintiff of Filing of Notice of Removal of Action.

17       13.    Pursuant to 28 U.S.C. § 1446(d) and the Local Rules of this District, defendant is

18   also filing in the Superior Court of California, Sonoma County, and will serve same upon

19   plaintiff, a Notice to Superior Court of Filing of Removal of Action.

20   Dated: October 29, 2010                GORDON & REES LLP

21

22                          By: _____

23                               Craig J. Mariam (SBN: 225280)
                            Cynthia Tsai (SBN: 265151)

24                               GORDON & REES LLP
                            Attorneys for defendant

25                               ER SOLUTIONS, INC.

26

27

28   _____
[1] It appears service was improper.

ERSI/1066394/8723201v.1

# Exhibit "A"

**SUM-100**



# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

E R Solutions Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Cody Molica

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* MCW 212938 |

Sonoma Superior Court 600 Administration Dr. Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Cody Molica, 4926 Harville Rd. Santa Rosa, CA 95409

| DATE: | AUG 1 9 2010 | JOSE O. GUILLEN | Clerk, by | CHELSEY SUPACHANA | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | | | *(Secretario)* |  | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

UNDORSED
FILED

AUG 19  2010

[illegible stamp] COURT

Cody Molica
4926 Harville Rd.
Santa Rosa, Ca 95409
415-754-9211
cmolica@comcast.net

Plaintiff appearing in pro per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

CODY MOLICA,

      Plaintiff,

  vs.

E R Solutions, Inc.,

      Defendant

Case No.: MCV 212938

COMPLAINT FOR DAMAGES

LIMITED CIVIL ACTION

Amount demanded does not exceed $10,000

Plaintiff, CODY MOLICA declares as follows;

FIRST CAUSE OF ACTION

VIOLATION OF THE ROSENTHAL ACT

1. In 2009 Plaintiff defaulted on several open accounts with Bank of America. Late in 2009 these and other debts forced Plaintiff to file for Chapter 7 Bankruptcy. On 10/14/09 the Northern District Bankruptcy Court discharged these debts which included the debts of Bank of America.

2. On or about July 15, 2010, Plaintiff walked into the Bank of the West after being informed that they had a fee iPod offer for new accounts. Plaintiff attempted to obtain a bank

COMPLAINT FOR DAMAGES -1-

1 account with Bank of the West but was declined due to a debt being reported on his credit report
2 from Bank of America. When the bankruptcy proceedings were explained to the bank, they
3 directed Plaintiff to contact BOA to find out what was going on and why they were still reported
4 a discharged debt.

5      3. On August 11, 2010 Plaintiff contacted Bank of America Recovery Services at 1 877
6 253 3511 and spoke with Zach. Zach researched the account and confirmed that it was being
7 reported on Plaintiff's credit report but could not do anything about it because the debt had been
8 transferred to ER Solutions and gave their number to Plaintiff.

9      4. On 8/11/10 at 1pm, Plaintiff contacted Defendants' and requested that the debt be
10 removed from his credit report. The representative told Plaintiff that he would refer the case to a
11 manager and took down Plaintiff's contact information.

12      5. On August 17, 2010 Plaintiff called Defendant's back to request a follow up. This time
13 Plaintiff was transferred to a manager named Gina, who explained that the debt was not
14 discharged in bankruptcy because at the time of discharge the debt had not been "charged off".
15 Gina alleged that this debt was still good and that Plaintiff should consult a paralegal for
16 assistance. Plaintiff argued that because Bank of America was notified on the creditors' matrix of
17 a pending bankruptcy and then acquiesced to said bankruptcy proceedings, all debts owed to
18 Bank of America were discharged. Plaintiff and Gina could not reach a meeting of the minds
19 and Plaintiff did not wish to argue with someone over the telephone. Gina further informed
20 Plaintiff that she was attempting to collect a debt and that any information obtained would be
21 used for that purpose.

22      6. The law prohibits all debt collection practices that are judicially determined to be
23 "unfair." The law also prohibits certain practices that the Legislature has defined as "unfair."
24 These attempts to collect a debt are unfair because the bankruptcy decree has been violated and
25 an unlawful debt is being prosecuted by a debt collection company.

26

27 Whereas the plaintiff prays for the following;

28

1. An injunctive decree ordering the defendants to reframe from unlawful debt collection activities and respect the California and Federal laws protecting consumer debtors.

2. Damages of $5,000 for five attempts to collect an unlawful debt at statutory rate of $1,000 per violation.

3. For any other relief deemed just and proper.

Dated: August 17, 2010

Cody Molica, Plaintiff in pro per